The judgment entered in the County Court is affirmed.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ANTHONY BEVACQUI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1952—Decided March 21, 1952.

Before Judges McGeehan, Jayne, and Wm. J. Brennan, Jr.

*Mr. Edward F. Juska* argued the cause for appellant.

*Mr. George A. Gray,* Assistant Prosecutor, argued the cause for respondent (*Mr. J. Victor Carton,* Monmouth County Prosecutor, attorney).

The opinion of the court was delivered

Per Curiam. The defendant-appellant was convicted by the jury of making a book upon the running of horses contrary to the provisions of *R. S.* 2:135–3. The evidence at the conclusion of the State's branch of the trial clearly established to a *prima facie* degree the guilt of the defendant requiring the submission of the case to the jury.

"One thing, however, is certain, and that is that when there is any testimony in the case which supports the criminal charge made against the defendant, the jury and not the court must settle the question of his guilt or innocence." *State v. Plough,* 88 *N. J. L.* 425 (*Sup. Ct.* 1916); *State v. Morehous,* 97 *N. J. L.* 285 (*E. & A.* 1922); *State v. O'Donnell,* 8 *N. J. Super.* 13 (*App. Div.* 1950).

The characteristic paraphernalia of bookmaking, such as the daily issues of the Armstrong sheets showing the horses entered in the various races, a small bound note book containing notations under the headings "win" and "lose," and 51 slips upon which bets were recorded, were present in a closet in the apartment of the defendant. Moreover, on the afternoon of the investigation one of the detectives in the presence of the defendant answered nine telephone calls from persons who asked for Anthony. Two of the nine persons who called placed bets. We conclude that the court justifiably denied the defendant's motion for a judgment of acquittal at the close of the State's evidence. *State v. De Falco,* 8 *N. J. Super.* 295 (*App. Div.* 1950), certif. denied, 5 *N. J.* 483 (1950); *State v. Martinek,* 12 *N. J. Super.* 320 (*App. Div.* 1951).

In his instructions to the jury the judge incidentally remarked:

"In a case of this nature it is usually necessary for the State to rely upon circumstantial evidence to prove its case inasmuch as the tangible and positive evidence is frequently destroyed and effaced before seizure by the authorities."

This comment was doubtless inspired by the evidence that the defendant delayed from five to seven minutes in responding to the announcement of the arrival of the detectives, during which period the flushing of the toilet in the apartment was heard, coupled with the circumstance that the slips upon which bets were recorded appeared to be pieces of toilet paper.

It does not appear from our examination of the record submitted to us that the defendant suffered manifest wrong or injury or that his substantial rights were prejudicially affected by reason of the court's discursive fluency.

Judgment affirmed.